**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL CASE NO: 2:23-CR-28-DLB-CJS-02**         **JUDGE   BUNNING**

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

            **vs.**                                                     *ELECTRONICALLY FILED*

**DENICO N. HUDSON,**
    **Defendant.**

**SENTENCING MEMORANDUM**

Now comes the defendant, **DENICO N. HUDSON**, by and through counsel, and respectfully submits the following Sentencing Memorandum setting forth factors that the Court should consider in this particular case in fashioning a sentence that is sufficient, but not greater than necessary, to comply with the applicable law set forth in *18 U.S.C. §3553(a)*, *U.S. v. Booker*, 543 U.S. 220 (2005), and *U.S. v. Fanfan*, 542 U.S. 963 (2004).  The undersigned is requesting that the Court grant a variance and sentence Mr. Hudson to a term of incarceration below the finally determined applicable guideline range.

A sentencing court must consider all the goals and factors set forth in 18 U.S.C. §3553(a).  This includes the "*parsimony principle*" of the statute that the sentence must be sufficient but not greater than necessary to comply with statutory purposes' of sentencing set forth in 18 U.S.C. §3553(a)(2).   *United States v, Foreman*, 436 F.3d 638 (6th Cir. 2006).

*Booker* restored the District Court's power to fashion a sentence that is appropriately tailored to the *individual circumstances* of both the particular case and the *particular defendant*. Under 18 U.S.C. §3553(a), courts can sentence a defendant below the applicable United States

Sentencing Guideline range if such a sentence would be sufficient to achieve the purposes of sentencing. Mr. Hudson requested that the Court sentence him below the final applicable sentencing guideline range. In the alternative, Mr. Hudson requested that the Court sentence him to the bottom of, or minimum of, the applicable sentencing guideline range.

## HISTORY AND CHARACTERISTICS OF DENICO N. HUDSON

DENICO HUDSON is 21 years of age. He is a Criminal History Category I. He is very young and does not have any juvenile adjudications.

Denico was raised by both his mother and father until Denico was about 11 years old. At that time his parents separated, and he was primarily in the custody of his mother. Denico has 5 siblings. He has a good relationship with his family. Denico is the father of two children.

Denico's work history is primarily warehouse work and food industry. He also worked with his dad in his dad's landscaping business. Denico is only 21 years old, so his work history is limited. Denico attended Woodward Career Technical High School and Dohn Community High School. At Dohn he had an Individualized Education Plan. Due to his arrest, he did not complete his high school education.

## NATURE AND CIRCUMSTANCES OF THE OFFENSE AND DENICO HUDSON'S ROLE IN THE OFFENSE

Mr. Hudson entered a guilty plea to the Indictment in this case. There is not a mandatory minimum sentence in this case and a maximum statutory sentence of 10 years.

Mr. Hudson is one of three people arrested and indicted in this case. There are related cases that involve other defendants.

Mr. Hudson has admitted responsibility for his actions. He promptly and consistently

accepted responsibility for the actions and conduct that bring him before the Court. (PSR ¶ 21, ¶ 33).  He is remorseful for the conduct she engaged in and has shown genuine remorse for his decisions and conduct.  Mr. Hudson has expressed some disagreement with the scope of his involvement in this case.

Character letters will be submitted to the Court on behalf of, and in support of, Mr. Hudson.

## UNRESOLVED OBJECTIONS TO PRESENTENCE REPORT

There are unresolved objections to the Presentence Report.  The undersigned, on behalf of Mr. Hudson, submitted the following objections to the Presentence Report.

Any enhancement or aggravating factor that increases a person's guideline range must be proved by the United States by a preponderance of the evidence.  *United States v. Smart,* 41 F3d. 263 (6th. Cir. 1994).

**Offense Conduct**:

1- Paragraph 10; Mr. Hudson wants to clarify that he did not have an agreement with Sturgeon to repackage drugs for distribution. Mr. Hudson did not purchase the two conversion devices with a quantity of drugs.

2- Paragraph 12; Mr. Hudson did not purchase conversion devises with a quantity of drugs. Mr. Hudson did not sell conversion devices. Mr. Hudson did not serve as a middleman for Sturgeon in the sale of conversion devices.

3- Paragraph 13; Mr. Hudson did not assist Sturgeon in the sale of conversion devices.

**Adjustment for Obstruction of Justice**:

4- Paragraph 20; Mr. Hudson objects to the content of this paragraph. Mr. Hudson objects to the conclusion that he attempted to "persuade a witness to provide false testimony and

3

convince associates to retaliate against other witnesses" in the investigation.

**Offense Level Computation**:

5- Paragraph 25; Mr. Hudson objects to the six-level increase in the offense level pursuant to §2K2.1(b)(1)(C). Mr. Hudson's involvement in the conduct did not exceed more than 25 conversion devices.

6- Paragraph 26; Mr. Hudson objects to the four-level increase in the offense level pursuant to §2K2.1(b)(5). Mr. Hudson did not engage in the trafficking of firearms or conversion devices.

7- Paragraph 27; Mr. Hudson objects to the four-level increase in the offense level pursuant to §2K2.1(b)(6)(B). Mr. Hudson did not possess or use any firearm or ammunition, or transfer any firearm with knowledge, intent or reason to believe that it would be used or possessed in connection with another felony offense.

8- Paragraph 30; Mr. Hudson objects to the two-level increase in the offense level for obstruction of justice pursuant to §3C1.1. (See, number 4 above)

9- Paragraph 34; Mr. Hudson objects to the determination that the total offense level is 31.

**Guideline Provisions**:

10- Paragraph 83; Mr. Hudson objects to the determination that his total offense level is 31.

## **OBSTRUCTION OF JUSTICE**

United States Sentencing Guideline Section 3C1.1 states:

If (1) the defendant willfully obstructed, or impeded, or attempted to obstruct or impede,

the administration of justice with to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or, (B) a closely relate offense, increase the offense level by 2 levels. increase the offense level by 2 levels.

The conduct supporting an obstruction of justice enhancement must relate to the instant offense of conviction. *United States v. Horry,* 49 F3d. 1178 (6th. Cir. 1995). The message that the United States refers to contending that Mr. Hudson requested another to claim responsibility for a seized firearm relates to a state case in Ohio. That conduct does not relate to the instant offense.

The United States also claims that certain messages from others to Mr. Hudson contain communications that obstruct justice. Mr. Hudson cannot be held responsible for communications from others. Therefore, communications from others to Mr. Hudson should not be the basis for an enhancement for obstruction of justice.

## A REASONABLE SENTENCE IN THIS CASE

Mr. Hudson's Criminal History Category is category I, based on 1 criminal history point. This case, prior to unresolved objections, has an adjusted offense level of 31. The applicable sentencing guideline range in this case is 108 to 135 months. There is a statutory maximum sentence of 120 months. The resulting applicable guideline range is 108 to 120 months. There is not a mandatory minimum sentence.

Denico Hudson's characteristics, and the nature and circumstances of this case [18 U.S.C. 3553(a)(1)] combined with the Court's discretion, the parsimony principle, the directive to fashion a sentence that is sufficient but not greater than necessary to comply with statutory

5

purposes of sentencing, justify a sentence <u>below the low end of the applicable guideline range</u>. The undersigned requests the Court to use its discretion and grant a variance below the applicable guideline range and impose the minimal amount of incarceration necessary to achieve the statutory sentencing principles.

A sentence below the applicable guideline range would satisfy 18 U.S.C. 3553(a), and account for the specific facts of this case, and the specific characteristics of Mr. Hudson and his history.  Mr. Hudson is a good candidate for rehabilitation.  He is only 21 years of age, and is a Criminal History Category I.  A sentence below the applicable guideline range would allow him ample time to address all his vocational, educational, and substance abuse needs. A sentence below the applicable guidelines will also satisfy the types of deterrence set forth in the purposes of sentencing.  <u>A sentence below the applicable guideline range would provide sufficient punishment, deterrence, and provide sufficient time for rehabilitation</u>.

In considering the options available to the Court, the Court should consider, as a factor, the cost to society of incarcerating an individual.  The Court should, when possible, consider less costly alternatives to incarceration if the principles and purposes of sentencing can still be achieved.   As of August 2023, the Administrative Office of the Courts has reported that the annual cost to incarcerate a person in a Bureau of Prisons facility is $49,770.00 ($4,147.00/mo.); to incarcerate a person in a Community Corrections Center is $39,197.00 ($3,266.00/mo.); and for a person to be supervised by a probation officer is $4,387.00 ($366.00/mo.).

At his sentencing hearing, Mr. Hudson will request that the Court recommend a Bureau of Prisons facility for him to be designated to for service of his term of incarceration.

Although he has a limited substance abuse problem, Mr. Hudson requests that the Court recommend that he participate in the RDAP program and any, and all, other substance abuse,

mental health, vocational, and education programs available to him.

/s/ Kerry L. Neff
KERRY L. NEFF
526 Greenup Street
Covington, KY 41011
Tel: (859) 291-6333
Fax: (859) 261-6567
Email:  KerryNeff@aol.com
Trial Counsel for Denico Hudson

## **CERTIFICATION**

I hereby certify that a true copy of this document will be served on this the 18th day of July 2024 via electronic filing/mail, on all attorneys of record.

/s/ *Kerry L Neff*
KERRY L. NEFF